## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.B.C.,** | : | |
| **Plaintiff** | : | |
| | : | **No.  4:24-CV-1249** |
| **v.** | : | |
| | : | **Judge Saporito** |
| **ATHENS AREA SCHOOL** | : | |
| **DISTRICT, CRAIG J. STAGE,** | : | **Electronically Filed Document** |
| **ED.D, ATHENS AREA HIGH** | : | |
| **SCHOOL, WILLIAM CLARK,** | : | *Complaint Filed 07/25/24* |
| **JOHN B. SULLIVAN, JOHN F.** | : | |
| **YOUNG, COMMONWEALTH** | : | |
| **UNIVERSITY OF** | : | |
| **PENNSYLVANIA AT** | : | |
| **BLOOMSBURG, BASHAR W.** | : | |
| **HANNA, PH.D, MICHAEL** | : | |
| **MCFARLAND, ED.D, FRANK** | : | |
| **SHEPTOCK, MARGARET** | : | |
| **PELCHEY, CHRISTOPHER** | : | |
| **MITCHELL, NIKKI HADLOCK,** | : | |
| **JADEN WRIGHT** *and* **JOHN AND** | : | |
| **JANE DOES #1-#20** | : | |
| **Defendant** | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS THE AMENDED
## COMPLAINT

Defendants Commonwealth University- Bloomsburg Campus
("Bloomsburg"), Bashar W. Hanna, Ph.D., Michael McFarland, and Frank
Sheptock (collectively, "Defendants") through counsel, hereby file this Brief in
Support of their Motion to Dismiss the Amended Complaint (Doc. 43), pursuant to
Local Rule 7.5.

Respectfully submitted,

**MICHELLE A. HENRY**
**Attorney General**

**By:**   *s/ Jonathan M. Blake*

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-7128**

**jblake@attorneygeneral.gov**

**Date:  November 12, 2024**

**JONATHAN M. BLAKE**
**Senior Deputy Attorney General**
**Attorney ID PA 307030**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**Counsel for Defendants**
**Commonwealth University –**
**Bloomsburg Campus, Hanna,**
**McFarland, Sheptock**

# **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................1

PROCEDURAL POSTURE.........................................................................1

RELEVANT FACTS....................................................................................1

ISSUES PRESENTED .................................................................................3

ARGUMENTS .............................................................................................4

    I.   Standard of Review......................................................................4

    II.  Bloomsburg Is Not A Person For Purposes Of This Litigation .....5

    III.  The Claims Against The Individual Defendants Must Be
         Dismissed For Lack Of Personal Involvement ............................6

    IV.  Claims Against The Defendants Made In Their Official Capacity
         Must Be Dismissed As A Matter Of Law .....................................8

    V.  Plaintiff's Complaint Does Not Properly Establish a Fourteenth
        Amendment Claim Against The Defendants ...............................10

        A.  Substantive Due Process Claim...............................................10

        B.  Equal Protection Claim...........................................................11

    VI.  Defendants Can Not Be Held Liable Under Plaintiff's
         Negligence Claim Because No Duty Was Established................12

        A.  No Duty Was Established .......................................................13

        B.  Even If There Was A Duty, Criminal Acts Are Superseding
           Causes....................................................................................15

VII.  Bloomsburg Is Not Vicariously Liable For The Alleged
       Actions Of The Defendants..........................................................15

   A.   There Is No Vicarious Liability Under Section 1983 .............18

   B.   There Is Not A Valid Vicarious Liability Claim Under A
        Theory Of Negligence ...............................................................18

CONCLUSION.............................................................................................20

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITY

**Page(s)**

**Cases**

*Alexander v. Fritsch*,
   2010 WL 1257709 (W.D. Pa. 2010)...................................................................7, 18

*Althaus ex rel. Althaus v. Cohen*,
   562 Pa. 547, 756 A.2d 1166 (2000)........................................................................12

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983) ................................................................................................5

*Baker v. Monroe Township*,
   50 F.3d 1186 (3d Cir.1995) ....................................................................................18

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007) ................................................................................................5

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d Cir. 1996) ......................................................................................5

*Bright v. Westmoreland County*,
   443 F.3d 276 (3d Cir. 2006) ..................................................................................10

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006) ....................................................................................4

*C.H. ex rel. Z.H. v. Oliva*,
   226 F.3d 198 (3d Cir. 2000) ..................................................................................18

*Chavarriaga v. New Jersey Dep't of,*
   *Corrs.*, 806 F.3d 210 (3d Cir. 2015)...................................................................6, 18

*Chepkevich v. Hidden Valley Resort, L.P.*,
   607 Pa. 1, 2 A.3d 1174 (2010)...............................................................................13

*Chincello v. Fenton,*
    805 F.2d 126 (3d Cir. 1986) .............................................................................6, 18

*City of Cleburne v. Cleburne Living Center,*
    473 U.S. 432 (1985) .........................................................................................11

*County of Sacramento v. Lewis,*
    523 U.S. 833 (1998) .........................................................................................10

*Craig v. Amateur Softball Ass'n of Am.,*
    2008 PA Super 123, 951 A.2d 372 (2008) ........................................ 12, 13, 14, 16

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,*
    489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) ....................................11

*Doe v. Williamsport Area Sch. Dist.,*
    699 F. Supp. 3d 306 (M.D. Pa. 2023) ...............................................................17

*Ellington v. Cortes,*
    532 Fed. Appx. 53 (3d Cir. 2013) .......................................................................6

*Estate of Lagano v. Bergen County Prosecutor's Office,*
    769 F.3d 850 (3d Cir. 2014) ............................................................................10

*Evancho v. Fisher,*
    423 F.2d 347 (3d Cir. 2005) ..............................................................................7

*Evancho v. Fisher,*
    423 F.3d 347 (3d Cir. 2005) ..............................................................................5

*Freeman v. Busch,*
    349 F.3d 582 (8th Cir.2003) ................................................................. 13, 14, 16

*Gilmore v. Holland,*
    2018 WL 1084091 (M.D. Pa. Feb. 28, 2018).......................................................4

*Guest v. Hansen,*
    603 F.3d 15 (2d Cir.2010) ...............................................................................13

*Hans v. Louisiana*,
    134 U.S. 1 (1890) ...................................................................................9

*James v. Duquesne Univ.*,
    936 F. Supp. 2d 618 (W.D. Pa. 2013) ................................................17

*Kentucky v. Graham*,
    473 U.S. 159 (1985) .............................................................................9

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993) .....................................................................5

*Krentz v. Consol. Rail Corp.*,
    910 A.2d 20 (Pa. 2006)................................................................. 12, 19

*McCauley v. Univ. of the Virgin Islands*,
    618 F.3d 232 (3d Cir. 2010) ...............................................................13

*Pennhurst State Sch. & Hosp. v. Haldeman*,
    465 U.S. 89 (1984) ...............................................................................9

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) .................................................................4

*Quan Vu v. Ski Liberty Operating Corp.*,
    295 F. Supp. 3d 503 (M.D. Pa. 2018) .................................................13

*Rizzo v. Goode*,
    423 U.S. 362 (1976) ........................................................................6, 18

*Robinson v. City of Pittsburgh*,
    120 F.3d 1286 (3d Cir.1997) ..............................................................18

*Rode v. Dellarciprete*,
    845 F.2d 1195 (3d Cir. 1988) ..................................................... 6, 7, 18

*Schloss v. Sears Roebuck & Co.*,
    No. CIV.A. 04-CV-2423, 2005 WL 433316 (E.D. Pa. Feb. 24, 2005)...............19

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007) ...................................................................5

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ................................................................... 6, 9, 10

**Statutes**

42 U.S.C. § 1983 ......................................................................... 5, 6, 7, 9

U.S. Const. amend. XI ....................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................4

## INTRODUCTION

Plaintiff filed his original complaint on July 25, 2024. (Doc. 1). Plaintiff then filed an Amended Complaint on October 14, 2024. (Doc. 43). Defendants now move to dismiss the Amended Complaint because it fails to state any claim upon which relief may be granted since the Amended Complaint does not state a proper Fourteenth Amendment claim or proper negligence and vicarious liability claims.

## PROCEDURAL POSTURE

Based upon the below facts, Plaintiff filed this suit on July 25, 2024. (Doc. 1). Plaintiff then filed an Amended Complaint on October 14, 2024. (Doc. 43). Defendants have been served and now come forth with this motion to dismiss.

## RELEVANT FACTS

On July 25, 2022, Athens High School ("Athens") bused high school football students to a three-day football camp at Bloomsburg. (Doc. 43 at ¶ 34). Plaintiff, a student at Athens, attended the football camp. (Id. at ¶ 30, 34). Students were accompanied by the head coach of Athens football team, Defendant Young, and three additional assistant coaches. (Id. at ¶37-38). Once students arrived at Bloomsburg, they went directly to the football field to begin scrimmages under the supervision of Defendant Young and Bloomsburg's head football coach,

1

Defendant Sheptock. (Id. at ¶ 39). If a student was not participating in a scrimmage on field, they were waiting on the sidelines. (Id. at ¶ 40).

While on the sidelines, Plaintiff had water thrown on him by a senior football player, Defendant Wright, Plaintiff reciprocated the action. (Id. at ¶ 41). After practice for the day concluded, Athens' football coaches delivered room assignments. (Id. at ¶ 43). The room assignments were located in Mount Olympus Apartments, part of Bloomsburg's campus, and controlled by key card. (Id. at ¶ 44, 47). Upon the distribution of the key cards, Defendant Young informed students to be in their building by 11:00 p.m. and room inspections would be conducted at approximately that time. (Id. at ¶ 46). The key card assigned to each student would allow access only to the building their room was located in and only to their specific room. (Id. at ¶ 47). Young and the other assistant coaches had accommodations in a separate building located out of view from the student accommodations. (Id. at ¶ 48).

After students returned from dinner, Plaintiff went to his room to shower and change, locking the door behind him. (Id. at ¶ 50). While Plaintiff was in the shower, Defendants Mitchell and Wright, along with fifteen (15) other students, entered Plaintiff's building and picked the lock to the shower room. (Id. at ¶ 51).

Defendants Mitchell and Wright then entered the shower room and began assaulting Plaintiff's body, including his groin and genital area. (Id. at ¶ 53-54).

Plaintiff did not inform Defendant Young or any adult, including his parents, because he was threatened by his assailants to keep silent about the attack; no coaches or chaperones were present during or after the attack, and none were seen until football practice the next morning. (Id. at ¶ 60- 61). After Plaintiff's parents were informed by another student, Plaintiff's parents took him to the emergency room and notified the Pennsylvania State Police where an official report was taken. (Id. at ¶ 62- 63).

As a result of the above incident, Plaintiff and his siblings suffered bullying and harassment, resulting in a transfer to a school district located over the New York border. (Id. at ¶ 66-68). Additionally, Plaintiff suffers from permanent and severe, mental and physical harm. (Id. at ¶ 69).

## ISSUES PRESENTED

I.  Whether the Fourteenth Amendment claim against Bloomsburg, brought under § 1983, should be dismissed because Bloomsburg is not a person as required to assert such a claim?

II.  Whether the claims asserted against the Individual Defendants should be dismissed because of their lack of personal involvement?

III.  Whether all claims asserted against the Individual Defendants in their official capacity are barred as required under the Eleventh Amendment?

IV.  Whether the Amended Complaint should be dismissed for failure to properly state a claim under the Fourteenth Amendment?

V.    Whether the Amended Complaint should be dismissed for failure to properly state a negligence claim?

VI.   Whether Plaintiff's vicarious liability claim fails as a matter of law?

*Suggested Answer to All: Yes.*

## ARGUMENTS

I.    Standard of Review

A claim will be dismissed where the plaintiff has "failed to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231-33 (3d Cir. 2008) (quotation omitted).

A court will generally consider only the allegations made within the complaint, as well as the "documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations omitted); *Gilmore v. Holland*, 2018 WL 1084091, at *4 (M.D. Pa. Feb. 28, 2018) (citing *Buck*, 452 F.3d at 260).

In order to survive a motion to dismiss, a plaintiff must establish facts that "raise a right to relief above the speculative level." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). A court, however, is not required to give credit to legal conclusions or bald assertions contained in the complaint. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citation omitted). Finally, "[i]t is not . . . proper to assume that [a plaintiff] can prove facts that it has not alleged[.]" *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

II.    <u>Bloomsburg Is Not A Person For Purposes Of This Litigation</u>

Generally, in order to bring a claim under 42 U.S.C. § 1983, a claimant must establish that (1) the conduct complained of deprived him of rights, privileges, and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person acting under color of state law. *See Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). It is well-established that states cannot be held liable under Section 1983 because they are not deemed to be "persons" under this statute. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996).

The Commonwealth of Pennsylvania, all Commonwealth agencies, and all individuals acting in their official capacities also are not "persons" as defined by

42 U.S.C. §1983.  Therefore, all §1983 claims against them must be dismissed as a matter of law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ellington v. Cortes*, 532 Fed. Appx. 53, 56 (3d Cir. 2013).

Here, Bloomsburg is named as a defendant to Count II, violation of § 1983. (Doc. 43 at pg. 43). However, Bloomsburg is not a person but rather a state institution, which is insufficient for this litigation. *Will*, 491 U.S. 58, 71. Defendants need not present extensive evidence that Bloomsburg is an entity of the Commonwealth of Pennsylvania aside from recounting Plaintiff's very own admission to Bloomsburg's status since Plaintiff clearly and explicitly states in his Amended Complaint that Bloomsburg is "an entity organized and existing under the laws of the Commonwealth of Pennsylvania." (Id. at ¶ 13). As such, Bloomsburg must be dismissed as a matter of law.

III.    The Claims Against The Individual Defendants Must Be Dismissed For Lack Of Personal Involvement

To establish personal liability against a defendant in a Section 1983 action, that defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct in order to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Chavarriaga v. New Jersey Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Chincello v. Fenton*, 805 F.2d

126, 133 (3d Cir. 1986); *Alexander v. Fritsch*, 2010 WL 1257709 at \*15 (W.D. Pa. 2010). A defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). One's "personal involvement" may be established by alleging that he had actual knowledge and acquiesced or personally directed the events in question that resulted in the plaintiff's deprivation of rights. *Id.*

It is insufficient to survive a motion to dismiss for a complaint to merely hypothesize about a defendant's personal involvement without any factual allegations to support the hypothesis. Nor is a court required to assume that the plaintiff can use the discovery process to prove facts not alleged. *Evancho v. Fisher*, 423 F.2d 347, 353-354 (3d Cir. 2005).

In this case, Plaintiff named Defendants Hanna, the President of Bloomsburg University, Defendant McFarland, the University Athletic Director, and Defendant Sheptock, the University head football coach. (Doc. 43 at ¶ 14). However, Plaintiff failed to plead ***any*** facts to illustrate how these Defendants were allegedly personally involved in the events asserted within the Amended Complaint. Merely acting in their roles as president, athletic director, and head coach is insufficient to establish the Defendants' liability. *See Rode*, 845 F.2d at 1207 (*respondeat superior* is not a basis for one's personal involvement for purposes of Section

1983).  Moreover, Plaintiff did not even mention Defendant Hanna or Defendant McFarland in the Amended Complaint except for naming both as parties to this suit and within the specific claim Plaintiff alleges against them. (*See generally,* Doc. 43). At no point in the factual allegations does Plaintiff recount any facts with specificity to show their personal involvement. (*See generally,* Doc. 43).

As for Defendant Sheptock, the only facts recounted against Defendant Sheptock, aside from the listed parties and alleged claims, is a single paragraph where Plaintiff states that ". . .upon arriving at Bloomsburg, the football team went directly to the football field where they participated in on-field scrimmages and games under the direct supervision of Young and Sheptock." (Doc. 43 at ¶ 39). This is the *only* fact that Plaintiff has alleged that includes Defendant Sheptock, and it does not even relate to the event this case is conceived on.

As Plaintiff fails to aver any facts that show the Defendants alleged personal involvement in the incident at issue, all claims against the Defendants must be dismissed.

IV.   <u>Claims Against The Defendants Made In Their Official Capacity Must Be Dismissed As A Matter Of Law</u>

The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought.

*Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89 (1984).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

It has long been held that the Eleventh Amendment likewise bars a citizen from bringing suit against his or her own state in federal court. *Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

States cannot be held liable under Section 1983 because they are not deemed to be "persons" under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also* U.S. Const., Amend. XI (the Eleventh Amendment to the U.S. Constitution immunizes state agencies and state officials in their official capacities from suit in the federal courts). Likewise, it is well-established that claims made against a state official in his official capacity is a suit against that named official's office, and, therefore, "is no different from a suit against the State itself." *Id.* at 71.

Here, Plaintiff specifically and explicitly states in his Complaint that Defendants Hanna, McFarland, and Sheptock are being sued in their individual and official capacity. (Doc. 43 at ¶ 14- 16). Such official capacity claims, however, fail

as a matter of law because they are barred by the Eleventh Amendment, as such, this suit "is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

All claims against Defendants in their official capacity, therefore, must be dismissed with prejudice pursuant to the Eleventh Amendment.

V.    Plaintiff's Complaint Does Not Properly Establish a Fourteenth Amendment Claim Against The Defendants

### A. Substantive Due Process Claim

Substantive due process protects individuals from "the arbitrary exercise of the powers of government; "it applies to 'only the most egregious official conduct to protect individuals from the abuse of government officials' power or the use of that power as an instrument of oppression such that it 'shocks the conscience.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998); *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 858 (3d Cir. 2014); *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).

The standard of "shocks the conscience" has also been equated to conduct so "brutal and offensive" that it does comport with traditional ideas of fair play and decency, that interferes with rights implicit in the concept of ordered liberty, or that violates the "decencies of civilized conduct." *Lewis*, 523 at 846-47. However, the Supreme Court in *Deshaney* found that, as a general matter, "a State's failure to protect an individual against private violence simply does not constitute a violation

of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,*
489 U.S. 189, 197, 109 S. Ct. 998, 1004, 103 L. Ed. 2d 249 (1989).

In this case, the claim is that as a result of the Defendants alleged failure to
implement proper policies and procedures for the football camp, which was merely
held at Commonwealth University – Bloomsburg and not directly supervised by
them, they violated Plaintiff's Due Process rights under the Fourteenth
Amendment when he was assaulted by other students. (Doc. 43 at ¶ 144- 160).
However, applying *Deshaney*, Bloomsburg's alleged failure to protect Plaintiff
from the violent act by Defendants Mitchell and Wright does not constitute a Due
Process Clause violation.

### B. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment commands that
no state shall "deny to any person within its jurisdiction the equal protection of the
laws," which is "essentially a direction that all persons similarly situated should be
treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439
(1985).

Plaintiff claims that he was denied the "right to equal protection under the
laws. . ." and therefore suffered "grave physical, emotional, psychological, and
other harm." (Doc. 43 at ¶ 158) It is not entirely clear how the circumstances that

give rise to this action, namely, Plaintiff's assault by other students, state an equal

protection claim against the Defendants—essentially no averments to establish that

Plaintiff was treated differently under a law, even if he was the only one to suffer

an assault by other students. (*See Generally*, Doc. 43).

As such, since Plaintiff has not properly asserted a proper substantive Due

Process or Equal Protection claim, Defendants ask that the Fourteenth Amendment

claim be dismissed.

VI.    <u>Defendants Can Not Be Held Liable Under Plaintiff's Negligence Claim
Because No Duty Was Established</u>

A negligence claim under Pennsylvania law requires the plaintiff to show

that: (1) the defendant had a duty to conform to a certain standard of conduct; (2)

the defendant breached that duty; (3) such breach caused the injury in question;

and (4) the plaintiff incurred actual loss or damage. *Krentz v. Consol. Rail Corp*.,

910 A.2d 20, 27-28 (Pa. 2006). The threshold requirement for any negligence

claim is that the defendant owes a duty to the plaintiff. *Althaus ex rel. Althaus v.

Cohen*, 562 Pa. 547, 552, 756 A.2d 1166, 1168 (2000).

Under the "no-duty rule," a defendant owes no duty of care to warn, protect,

or insure against risks that are "common, frequent and expected" and any

"inherent" activity. *Craig v. Amateur Softball Ass'n of Am.,* 2008 PA Super 123, ¶

7, 951 A.2d 372, 375–76 (2008). If the no-duty rule applies to the negligence

12

claim, the plaintiff will be unable to set forth a prima facie case of liability. *Id.* More specifically, "where there is no duty, there can be no negligence. . ."

    *Quan Vu v. Ski Liberty Operating Corp*., 295 F. Supp. 3d 503, 507 (M.D. Pa. 2018), quoting *Chepkevich v. Hidden Valley Resort, L.P.*, 607 Pa. 1, 21, 2 A.3d 1174, 1186 (2010).

### A. No Duty Was Established

    Under the Third Restatement of Torts, a duty can be established when "an actor [is] in a special relationship with another [and must act with] reasonable care with regard to risks that arise within the scope of the relationship. Restatement (Third) of Torts: Phys. & Emot. Harm § 40 (2012). A duty does arise in the special relationship between a school and its students. *Id*. at § 40.

    However, the concept that a public university exercises strict control over its students via a special relationship, or an *in loco parentis* relationship, has long since decayed. *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 245 (3d Cir. 2010). *See also; Guest v. Hansen,* 603 F.3d 15, 21 (2d Cir.2010) (stating that, under New York law, colleges do not act *in loco parentis); Freeman v. Busch,* 349 F.3d 582, 587 (8th Cir.2003) ("[S]ince the late 1970s, the general rule is that no special relationship exists between a college and its own students because a college is not an insurer of the safety of its students.") (emphasis omitted).

In this case, Plaintiff asserts that Defendants McFarland and Sheptock assumed care of Plaintiff through a special relationship via *in loco parentis*. (Doc. 43 at ¶ 199, 2020). However, there is no special relationship between universities and its students. *Busch*, at 587. Based on what Plaintiff has presented, Defendants McFarland and Sheptock did not agree to care for Plaintiff since Defendant McFarland was not, according to Plaintiff's facts, ever present at the football camp and Defendant Sheptock only conducted scrimmages when Plaintiff arrived at Bloomsburg. (Id. at ¶ 39).

Aside from the scrimmages, neither Defendant Sheptock nor Defendant McFarland had any other involvement during the football camp, and no facts state that any of the Defendants, not even Defendant Sheptock, were lodging on campus like the students or high school coaches and chaperones. (*See Generally*, Doc. 43 ¶ 47-48). As far as Plaintiff alleges, the sole connection of this incident and Defendants McFarland and Sheptock is the mere use of Bloomsburg's football field and facilities, but at no point did Defendants ever show a responsibility for Plaintiff, or other students, that would be contradictory to the precedent eliminating universities from the concept of a special relationship with students.

14

### B. Even If There Was A Duty, Criminal Acts Are Superseding Causes

However, even if this Court finds that Defendants McFarland and Sheptock had a duty to Plaintiff through an *in loco parentis*, special relationship, that duty was superseded by the actions of Defendants Mitchell and Wright.

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

Restatement (Second) of Torts § 448 (1965).

Here, Defendants McFarland and Sheptock are not liable because even if they were negligent, the actions by Defendants Mitchell and Wright are a superseding action and cut off liability, unless Defendants McFarland and Sheptock knew, or should have known, Defendants Mitchell and Wright would act in the manner they did because of the Defendants' alleged negligence. While Plaintiff would likely assert this is the case, it simply is not for two (2) reasons.

First, again to state, Defendants McFarland and Sheptock had minimal, if any, interaction with Plaintiff and the high school students attending the program. (*See generally*, Doc. 43). Defendants McFarland and Sheptock are employed in the athletic department for Bloomsburg and had borderline nonexistent interactions

15

with the students, who do not attend Bloomsburg. There was no possibility of Defendants McFarland and Sheptock realizing that a student might enter a room they were not assigned to, pick the locked door of the shower room, and proceed to enter and assault a student while fifteen (15) other students participate as onlookers. (Id. at ¶¶ 51-53). This is all the more true since Defendants McFarland and Sheptock do not even know who these students are or their behaviors and character. Defendants McFarland and Sheptock do not have a crystal ball to predict any accidents that might occur and how to prevent them, especially when their employment is based in athletics and not administration or housing of students.

Secondly, the one incident that *might* have, hypothetically, put Defendant Sheptock on notice is insufficient. During the scrimmage Plaintiff participated in once arriving at Bloomsburg, Wright threw water onto Plaintiff while on the sidelines. (Id. at ¶ 41). However, there are no facts to show that Defendant Sheptock even saw this altercation to put him on notice of an issue between Wright and Plaintiff. Additionally, Plaintiff also reciprocated the act on Wright. (Id.). While Wright did subsequently threaten Plaintiff, there are, again, no facts to show Defendant Sheptock was aware or notified of the actions and threat. (Id. at ¶ 42).

Since Defendants McFarland and Sheptock would not have realized there could be a possibility of an issue in the card secured dorms and Defendant Sheptock did not know about the incident between Wright and Plaintiff, even if

Defendants were negligent, the criminal act of Wright was a superseding cause and severed the causal chain. This is because "the criminal acts of a third person belong to a different category and can bear no analogy to the [unsafe condition] or the other myriad possibilities of one's personal negligence." *James v. Duquesne Univ.*, 936 F. Supp. 2d 618, 633 (W.D. Pa. 2013).

For the above reasons, Defendants McFarland and Sheptock were not negligent because they owed no duty to Plaintiff. Alternatively, even if Defendants did owe a duty to Plaintiff, that duty was superseded by Defendants Wright and Mitchell.

VII.    <u>Bloomsburg Is Not Vicariously Liable For The Alleged Actions Of The Defendants.</u>

In simplest terms, vicarious liability is a "derivative basis for imputing an actor's negligence onto his employer" when the individual acts within his course of employment. *Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306, 328 (M.D. Pa. 2023). In other words, "it is a 'policy-based allocation of risk' to a principal for his agent's act although the principal 'has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent it.'" (*Id*.).

### A. There Is No Vicarious Liability Under Section 1983

Plaintiff's vicarious liability claim does not explicitly state to which cause of action this theory of liability is meant to refer; as such, Defendants address both possibilities.

As stated above in section II, it is well established that to bring a personal liability claim against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct in order to be subject to liability. *Rizzo*, 423 U.S. at 362; *Chavarriaga*, 806 F.3d at 222; *Rode*, 845 F.2d at 1207; *Chincello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Alexander*, 2010 WL 1257709 at 15.

A defendant in a civil rights case cannot be liable for constitutional violations that he did not personally participate in or approve. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Township*, 50 F.3d 1186, 1190 (3d Cir.1995). More plainly, there is no vicarious liability under a Section 1983 claim. *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201–02 (3d Cir. 2000). This theory cannot support a claim under § 1983.

### B. There Is Not A Valid Vicarious Liability Claim Under A Theory Of Negligence.

Since there is no vicarious liability under Section 1983, Defendants presume that Plaintiff's vicarious liability claim is linked to his negligence claim. As

established *supra*, to state a claim of negligence, plaintiff must show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. *Krentz,* 910 A.2d at 27-28 (Pa. 2006).

In order to establish vicarious liability, the plaintiff must be able to show that the employee's conduct: "(1) is of a kind and nature that he is employed to perform; (2) occurs substantially within the authorized time and space limits designated by his employer; and (3) is driven by a desire to serve the employer." *Schloss v. Sears Roebuck & Co.*, No. CIV.A. 04-CV-2423, 2005 WL 433316, at 2 (E.D. Pa. Feb. 24, 2005). Plaintiff has failed to establish such elements here.

More specifically, Plaintiff has averred no facts that Defendant Hanna, McFarland, or Sheptock were responsible for the creation, presentment, or enactment of policies and procedures of Bloomsburg University. (*See generally*, Doc. 43). At no point did Plaintiff establish that it was of the "kind and nature" of the Defendants employment to implement such basic decency policies to not assault another, especially when Plaintiff and the other students were accompanied, and chaperoned, by officials of the high school. As Plaintiff has failed to aver facts to satisfy the first element, he has failed to state a plausible vicarious liability claim.

## CONCLUSION

To summarize, Defendants ask this Court to dismiss the Amended Complaint because it fails to properly state a Fourteenth Amendment claim, a negligence claim, and a vicarious liability claim. Defendants also ask that Bloomsburg be dismissed since it is not a "person" for purposes of this litigation, that the Individual Defendants be dismissed because they were not personally involved, or, in the alternative, any claim against them in their official capacity be dismissed.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

By:   *s/ Jonathan M. Blake*
                **JONATHAN M. BLAKE**
                **Senior Deputy Attorney General**
**Office of Attorney General**      **Attorney ID PA 307030**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-7128**      **NICOLE R. DITOMO**
                **Chief Deputy Attorney General**
**jblake@attorneygeneral.gov**     **Civil Litigation Section**

**Date: November 12, 2024**      **Counsel for Defendants**
                **Commonwealth University –**
                **Bloomsburg Campus, Hanna,**
                **McFarland, Sheptock**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.B.C,** | : | |
| **Plaintiff** | : | |
| | : | **No.   4:24-CV-1249** |
| **v.** | : | |
| | : | **Judge Saporito** |
| **ATHENS AREA SCHOOL** | : | |
| **DISTRICT, CRAIG J. STAGE,** | : | **Electronically Filed Document** |
| **ED.D, ATHENS AREA HIGH** | : | |
| **SCHOOL, WILLIAM CLARK,** | : | *Complaint Filed 07/25/24* |
| **JOHN B. SULLIVAN, JOHN F.** | : | |
| **YOUNG, COMMONWEALTH** | : | |
| **UNIVERSITY OF** | : | |
| **PENNSYLVANIA AT** | : | |
| **BLOOMSBURG, BASHAR W.** | : | |
| **HANNA, PH.D, MICHAEL** | : | |
| **MCFARLAND, ED.D, FRANK** | : | |
| **SHEPTOCK, MARGARET** | : | |
| **PELCHEY, CHRISTOPHER** | : | |
| **MITCHELL, NIKKI HADLOCK,** | : | |
| **JADEN WRIGHT** *and* **JOHN AND** | : | |
| **JANE DOES #1-#20** | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I, Jonathan M. Blake, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that

on November 12, 2024, I caused to be served a true and correct copy of the

foregoing document titled *Defendants' Brief in Support of Their Motion to Dismiss*

*the Amended Complaint* to the following:

**<u>VIA ELECTRONIC FILING</u>**

**Stephen J. Pokiniewski , Jr.**
**Edelstein Law, LLP**
**230 S. Broad Street**
**Suite 900**
**Philadelphia, PA 19102**
sjp@edelsteinlaw.com
*Counsel for Plaintiff*

**Christopher J. Conrad, Esquire**
**Jacob Gilboy, Esquire**
**Marshall Dennehey Warner**
**Coleman & Goggin**
**200 Corporate Center Drive, Ste 300**
**Camp Hill, PA 17011**
cjconrad@mdwcg.com
jmgilboy@mdwcg.com
*Counsel for Stage, Athens Area High*
*School, Clark, Sullivan, Young*

**Bret J. Southard, Esquire**
**Casale, Bonner, Hillman &**
**Southand P.C.**
**331 Elmira Street**
**Williamsport, PA 17701**
katie@cbatty.com
*Counsel for Pelchey, Mitchell*

**Joseph F. Orso , III, Esquire**
**Rudinski Orso and Lynch**
**339 Market Street**
**Williamsport, PA 17701**
jfo3@aol.com
*Counsel for Hadlock, Wright*

*s/ Jonathan M. Blake*
**JONATHAN M. BLAKE**
Senior Deputy Attorney General