UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.B.C., a minor, by and through his parents and natural guardians, A.C. and J.C., | : CIVIL ACTION :  : NO. 4:24-cv-01249-JFS |
| Plaintiffs, | : : JURY TRIAL DEMANDED |
| v. | : : |
| ATHENS AREA SCHOOL DISTRICT, CRAIG J. STAGE, ED.D, ATHENS AREA HIGH SCHOOL, WILLIAM CLARK, JOHN B. SULLIVAN, JOHN F. YOUNG, COMMONWEALTH UNIVERSITY OF PENNSYLVANIA AT BLOOMSBURG, BASHAR W. HANNA, PH.D., MICHAEL MCFARLAND, ED.D, FRANK SHEPTOCK, MARGARET PELCHEY, as parent and natural guardian of CHRISTOPHER MITCHELL, CHRISTOPHER MITCHELL, NIKKI HADLOCK, as parent and natural guardian of JADEN WRIGHT, JADEN WRIGHT, and JOHN and JANE DOEs #1 - #20, Defendants. | : : : : : : : : : : : : : : : : : : : ELECTRONICALLY FILED |

**<u>ATHENS DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

1

Defendants Athens Area School District ("the District"), Craig J. Stage ("Stage"), Athens Area High School ("High School), William Clark ("Clark"), John B. Sullivan ("Sullivan"), and John F. Young ("Young") (collectively the "Athens Defendants"), by their attorneys, Marshall Dennehey, respectfully submit this Reply Brief in further support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### A. Plaintiffs' First, Third and Sixth Claims for Relief should be dismissed with prejudice.

Plaintiffs appear to concede that they cannot establish a viable Fourteenth Amendment equal protection claim, or claims against the Athens Defendants subject to any exception under the Political Subdivision Tort Claims Act 42 Pa. C.S. §8541 et seq. (Doc 63, p. 24-25). However, instead of responding in substance to the Moving Defendants' arguments in support of the dismissal of those claims, Plaintiffs merely "respectfully requests that any claims . . . be dismissed without prejudice, so as to ensure that if a more clear factual basis for these claims comes to light, Plaintiff may pursue them upon a proper motion." (Id.). Moreover, while Plaintiffs concede the Tort Claims Act issue, they still endeavor to bring negligence claims against Sullivan and Young. (Doc 63, p. 27). Yet, for the reasons more fully set forth in the Athens Defendants' moving brief, Plaintiffs as a matter of law cannot maintain their negligence-based claims against the District, Sullivan or Young, as they are barred

2

by the Tort Claims Act. (See, Doc 54, generally). Similarly, Plaintiffs as a matter of law cannot maintain their Fourteenth Amendment equal protection claim against the Athens Defendants. (Id. at p. 12-14). Plaintiffs offer no meaningful response to Moving Defendants' arguments in this regard.  Accordingly, Plaintiffs' First Claim, as it pertains to 14th Amendment equal protection, and Third and Sixth Claims for Relief should be dismissed with prejudice.

Of additional significance, Plaintiffs do not respond to Moving Defendants' argument in favor of dismissal of the vicarious liability claim against the District and the High School at Count III of the Amended Complaint. In fact, Plaintiffs only reference to vicarious liability in their responsive brief is to acknowledge "as referenced by Defendant's Motion, under Pennsylvania law, an employer may be held vicariously liable for the tortious acts of its agent if the acts 'either fall within the scope of [the agent's] authority, or, if unauthorized, were ratified by the principal.' Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan, 535 A.2d 1095, 1100 n.2 (Pa. Super. 1987)", and such discussion comes in the context of Plaintiffs' voluntarily request for dismissal of claims under the Tort Claims Act. (Doc. 63, p. 24-25). As such, Plaintiffs' Third Claim for Relief must be dismissed.

It is also noteworthy to highlight Plaintiffs' position offered in response to Moving Defendants' argument for dismissal of the negligence claim against Sullivan

and Young at Count VI. As discussed herein, Plaintiffs' state-law negligence claim fails as a matter of law under the Tort Claims Act 42 Pa. C.S. §8541 et seq., and Plaintiffs seemingly do not dispute this reality. Nevertheless, in crafting a response in briefing, Plaintiffs choose not focus on the elements of the state-law negligence claim as was pleaded in the Amended Complaint, but instead, put forth qualified immunity arguments as it pertains to *Monell* and Fourteenth Amendment substantive due process violations. (Doc. 63, p. 27-28). Accordingly, Plaintiffs' Sixth Claim for Relief must be dismissed.

To the extent that Plaintiffs attempt to overcome Moving Defendants' qualified immunity arguments (Doc 54, p. 23-25), Plaintiffs respond only that "qualified immunity does not bar Plaintiffs' claims at this stage of litigation. Upon the development of the factual record, Defendant can file a more appropriate dispositive motion. The question of whether Defendants Sullivan and Young [no discussion given to Stage and Clark] are entitled to qualified immunity, therefore, is not ripe for decision at this stage of the proceedings. It would more properly be addressed on summary judgment. See, Doe #1 v. Montgomery Cnty. Bd. of Educ., No. CV 21-0356 PJM, 2021 WL 6072813, at *15–16 (D. Md. Dec. 23, 2021)." However, a decision from the United States District Court, District of Maryland, of course, is not binding on this Court. Thus, as is more fully articulated in Moving

Defendants' brief in support of Motion to Dismiss the Amended Complaint, Stage, Clark, Sullivan and Young are entitled to qualified immunity.

### B. Plaintiffs' Fourth Claim for Relief should be dismissed with prejudice.

Plaintiffs indecent assault claim at Count IV must be dismissed with prejudice. As Moving Defendants' have previously briefed, Plaintiffs' indecent assault claim in Count IV is barred by governmental immunity codified in the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541, et seq. Furthermore, and notwithstanding the immunity provided by the Tort Claims Act, Plaintiffs' indecent assault claim against the District and High School nevertheless fails as a matter of law. Indecent assault under Pennsylvania law is criminal offense, not a civil cause of action. In response, Plaintiffs argue "whether these facts [the alleged assault] satisfy the criminal definition of 'indecent assault' is a question of fact. As criminal conduct can form the underlying basis for civil liability under Pennsylvania law, Plaintiffs' claims should not be dismissed." (Doc 63, p. 26). However, Plaintiffs cite no authority for the proposition that "criminal conduct can form the underlying basis for civil liability under Pennsylvania law." In fact, "when a statute does not provide a private right of action, a plaintiff cannot pursue a civil remedy for conspiracy to violate that statute; criminal statutes do not generally provide a private cause of action nor basis for civil liability." Wartluft v. Milton Hershey Sch. & Sch. Tr., 400 F. Supp. 3d 91 (M.D. Pa. 2019). For these reasons, and those more fully discussed

5

in Moving Defendants' preceding brief, Plaintiffs' Fourth Claim for Relief must be dismissed with prejudice.

### C. Plaintiffs claims against the Athens Area High School should be dismissed with prejudice.

Related to Plaintiffs' claims brought against the Athens Area High School at Counts I, III and IV of the Amended Complaint, Moving Defendants rely on their arguments as stated in their brief in support of Motion to Dismiss the Amended Complaint. (Doc 54, p. 22-23). Plaintiffs offer no meaningful response to Moving Defendants' arguments in this regard, and instead merely suggest that such a determination is a "question of fact."  (Doc 63, p. 28). Moving Defendants prior brief proves otherwise, and the claims against the Athens Area High School should be dismissed with prejudice.

### D. Plaintiffs' 42 U.S.C. §1983 claim should be dismissed based upon Monell.

A municipality can only be liable under § 1983 if the alleged injury is permitted under a specific policy or custom. Monell v. Sept of Social Services of NY, 436 U.S. 658, 694 (1978). To state a §1983 claim against a municipality, plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. Bd. of County

6

Comm'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). In other words, Plaintiffs must show that the municipal defendant, here the District, was responsible for a constitutional violation. Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Accordingly, "for there to be municipal liability, there ... must be a violation of the Plaintiff's constitutional rights." Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst., 318 F.3d 473, 482 (3d Cir. 2003).

Plaintiffs' Amended Complaint is devoid of any facts to establish a policy, custom, or practice of the District to plausibly support Monell liability. Plaintiffs allege in conclusory fashion that the Athens Defendants' "policies, practices and customs" proximately caused the student-Plaintiff's "physical assault and emotional abuse" based on their alleged failure to prevent a single instance of student-on-student aggression purportedly occurring at an out of school summer football camp at Bloomsburg University during the week of July 25, 2022. (Doc 43 at ¶¶ 35, 127). While some sideline banter involving the throwing of water is stated to have occurred, the claims set forth in the Amended Complaint are nevertheless premised on an alleged singular assault, as opposed to a true "continuum of facts." (Doc 63, p. 12-13). Under Jones by & through Jones v. Berwick Area Sch. Dist., 1995 U.S. Dist. LEXIS 21164, at *8 (M.D. Pa. March 13, 1995), such an isolated occurrence is insufficient to establish Monell liability. See also, Losch v. Borough of

Parkesburg, 736 F.2d 903, 911 (3d Cir. 1984). Moreover, Plaintiffs' allegations that the Athens Defendants "knew, or should have known, of the propensity for violent acts against any of the students-athletes, including J.B.C." at the Bloomsburg camp are wholly unsupported and conclusory. (Doc 43 at ¶ 133).

Plaintiffs' arguments raised in their briefing in an attempt to attach Monell liability to the Athens Defendants include references to District policy regarding field trips, hazing and bullying; (Doc 43 at ¶¶ 73, 75, 82) and (Doc 63, p. 8-10). These arguments remain unpersuasive in that there is no plausible support to show that Defendants violated the Plaintiffs' civil rights while acting, as a "moving force," pursuant to any District custom or policy. Thus, the Amended Complaint is devoid of any facts to establish a policy, custom or practice; causation; or a constitutional violation to support Monell liability, and should therefore be dismissed.

### E. Plaintiffs' Fourteenth Amendment Due Process claim against the Athens Defendants should be dismissed.

With respect to Plaintiffs' substantive due process claim, neither exception to the general rule that "a school district generally cannot be held liable for failing to protect students from student-on-student harassment, no matter how 'unfair and unjust' the school's response to such harassment is", applies in this case. Williams v. Jersey Shore Area Sch. Dist., 673 F.Supp.3d 688, 704 (M.D. Pa. 2023) (quoting Morrow v. Balaski, 719 F.3d 160, 166 (3rd Cir. 2013) (other citations omitted)). The first exception concerns situations in which a "special relationship" exists between

the alleged victim and the state actor. It is well-settled that such relationships are determined to exist in the context of one's physical custody and/or confinement. Sanford v. Stiles, 456 F.3d 298, 304 (3d Cir. 2006); see also, Leonard v. Owen J. Roberts Sch. Dist., 2009 WL 603160, at *5 (E.D. Pa. Mar. 5, 2009). Here, such conditions were not present as the student-Plaintiff voluntarily attended the Bloomsburg University football camp in July of 2022. Moreover, the Third Circuit has held that "for purposes of [a] § 1983 action against school officials by high school students who were allegedly molested by other students, no 'special relationship' based upon restraint of liberty exists", and that district defendants did not owe a plaintiff-student a constitutional duty to protect them from the misconduct of other student defendants; "under Pennsylvania law, students' parents remained their primary caretakers, despite students' presence in school." D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364 (3d Cir. 1992) (citing 42 U.S.C. § 1983; 24 P.S. § 13–1327); see also, B.W. v. Career Tech. Ctr. of Lackawanna Cnty., 2024 WL 4340718, at *13 (M.D. Pa. Sept. 27, 2024), amended on reconsideration, 2024 WL 4351903 (M.D. Pa. Sept. 30, 2024).

Regarding the second exception to the general rule, it cannot be said that the Moving Defendants are in any way liable under a state-created danger theory. As the Athens Defendants have previously articulated, "To adequately allege 'state-created danger,' a plaintiff must allege: 1) the harm ultimately caused was foreseeable and

9

fairly direct; 2) a state actor acted with a degree of culpability that shocks the conscience; 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Williams, 673 F.Supp. 3d at 705 (citing L.R. v. Sch. Dist. of Phila., 836 F. 3d 235, 242 (3d Cir. 2016) (quoting Bright v. Westmoreland Cty., 443 F. 3d 276, 281 (3rd Cir. 2006))). Here, the Amended Complaint is devoid of fact to establish that it was any of the Athens' Defendants *affirmative acts* or *misuse of state authority* that worked to Plaintiffs' detriment in terms of exposure to the alleged danger. J.R. by & through Mr. R.R., 688 F. Supp. 3d 243, 253 (citing, Bright, 443 F.3d at 282); see also, L.R. v. Sch. Dist. of Philadelphia, 60 F. Supp. 3d 584, 594 (E.D. Pa. 2014), aff'd, 836 F.3d 235 (3d Cir. 2016). Plaintiffs' claims in contrast to this fact are merely conclusory, and do not support reasonable inferences that the Athens Defendants acted with conscience-shocking behavior and/or used their authority in a way that created a danger to J.B.C. or that rendered J.B.C. more vulnerable to danger than had the state not acted at all. Accordingly, Plaintiffs' Fourteenth Amendment due process claim must be dismissed.

### F. Plaintiffs' claim for punitive damages must be dismissed.

In responding to Moving Defendants' argument for dismissal of punitive damages, Plaintiffs make an alternative argument for dismissal of punitive damages "without prejudice." (Doc 63, p. 29). This Court has held that a municipality may not be held liable for punitive damages under § 1983, and further, that individual defendants sued under § 1983 in their official capacity are immune from punitive damages. 42 U.S.C.A. § 1983; K.A. ex rel. J.A. v. Abington Heights Sch. Dist., 28 F. Supp. 3d 356 (M.D. Pa. 2014); see also, Roskos v. Sugarloaf Twp., 295 F. Supp. 2d 480 (M.D. Pa. 2003). For these reasons, and those more fully discussed in Moving Defendants' brief in support of Motion to Dismiss the Amended Complaint, punitive damages are plainly not recoverable from a municipal actor. (Doc 54, p. 25). Therefore, Plaintiffs' claims for punitive damages should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, and those more fully articulated in their brief in support of Motion to Dismiss, Defendants Athens Area School District, Athens Area High School, Craig J. Stage, William Clark, John B. Sullivan, and John F. Young, respectfully request that the Court grant their Motion and dismiss Plaintiffs' Amended Complaint with prejudice and without leave to amend.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MARSHALL DENNEHEY |
| Dated: 12/23/2024 | By: */s/ Christopher J. Conrad* <br> Christopher J. Conrad, Esquire <br> PA Attorney ID# 202348 <br> Jacob M. Gilboy, Esquire <br> PA Attorney ID# 329218 <br> 200 Corporate Center Dr., Ste. 300 <br> Camp Hill, PA 17011 <br> Phone: (717) 651-3531 <br> Fax: (717) 651-3707 <br> Email: cjconrad@mdwcg.com; jmgilboy@mdwcg.com <br> *Attorneys for the Athens Defendants* |

12

## WORD COUNT CERTIFICATION

The undersigned counsel for Defendants hereby certify, in accordance with Local Rule 7.8, that Defendants' Reply Brief is less than 5,000 words, and in submitting this certification, counsel has relied upon the word count feature of the word processing system used to prepare the Brief. The word count is 2,458.

                                            MARSHALL DENNEHEY

Dated: 12/23/2024         By: */s/ Christopher J. Conrad*
                                          Christopher J. Conrad, Esquire
                                          PA Attorney ID# 202348
                                          Jacob M. Gilboy, Esquire
                                          PA Attorney ID# 329218
                                          200 Corporate Center Dr., Ste. 300
                                          Camp Hill, PA 17011
                                          Phone: (717) 651-3531
                                          Fax: (717) 651-3707
                                          Email: cjconrad@mdwcg.com;
                                          jmgilboy@mdwcg.com
                                          *Attorneys for the Athens Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that I served a true and accurate copy of the foregoing document, on all counsel of record, via ECF, on the below date.

MARSHALL DENNEHEY

Dated:  12/23/2024

By: */s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Attorney ID# 202348
Jacob M. Gilboy, Esquire
PA Attorney ID# 329218
200 Corporate Center Dr., Ste. 300
Camp Hill, PA 17011
Phone:  (717) 651-3531
Fax:  (717) 651-3707
Email:  cjconrad@mdwcg.com;
jmgilboy@mdwcg.com
*Attorneys for the Athens Defendants*