

\*Jay L. Edelstein, Esquire
jedelstein@edelsteinlaw.com

\*Stephen J. Pokiniewski, Esquire
sjp@edelsteinlaw.com

Janae Banner, Esquire
jbanner@edelsteinlaw.com

\*MEMBER OF THE NJ & PA BAR

File No.: 121.763

Super Lawyers

2013–2014–2017–2018-2019
2020–2021–2022–2023–2024- 2025

October 13, 2025

<u>Via M.D.P.A. Pacer</u>
Honorable Joseph F. Saporito
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

RE:   J.B.C. v. Athens Area School District, et al
      No. 4:24-cv-1249

Dear Judge Saporito:

Our law firm represents Plaintiff, J.B.C., in the above-captioned case. On September 15, 2025, the Court issued an Order and Memorandum Opinion dismissing Plaintiff's claims as follows:

A. <u>42 U.S.C. § 1983 claims against Bloomsberg University</u>. Under an Eleventh Amendment analysis, the Court dismissed Plaintiff's claims "for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(l), or, in the alternative, for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)." (ECF 77 at pp. 14-15).

B. <u>Official Capacity 42 U.S.C. § 1983 claims against Hanna, McFarland, and Sheptock</u>. Under an Eleventh Amendment analysis, the Court dismissed Plaintiff's claims "for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(l), or, in the alternative, for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)." (ECF 77 at p. 16).

C. <u>Personal Capacity 42 U.S.C. § 1983 claims against Hanna, McFarland, and Sheptock</u>. Under a *respondeat superior* analysis, the Court dismissed Plaintiff's claims stating "Accordingly, the plaintiff's claims against the individual University Defendants-Hanna, McFarland, and Sheptock-in their personal capacities will be dismissed for

Page | 1

 **230 South Broad Street, Suite 900, Philadelphia, Pennsylvania 19102**
Phone *(215) 893-9311* Facsimile *(215) 893-9310* New Jersey *(856) 809-3150*
www.edelsteinlaw.com 

failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)." (ECF 77 at p. 21).

D. <u>State Law Tort Claims against University Defendants and the Student/Parent Defendants</u>. These claims were dismissed without prejudice pending pursuant to 28 U.S.C. § 1367(c)(3).

With this letter, we are seeking clarification of the Court's Order/Opinion. With respect to Plaintiff's claims under 42 U.S.C. § 1983 against Bloomsburg University, and the official capacity claims against Hanna, McFarland, and Sheptock, the Court's substantive analysis focused entirely on the Eleventh Amendment provision that states, their constituent agencies or departments, and persons acting in their official capacity are immune from suit in federal court.

The Court dismissed these claims for lack of subject matter jurisdiction—and clearly states as much, stating, "Plaintiff's claims against Bloomsburg University will be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(l)…."

Yet, following the ruling under 12(b)(1), the Court adds the phrase "or, in the alternative, for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)." This phrase regarding an "alternative" basis is confusing. In the Opinion, there is no discussion of the legal sufficiency of Plaintiff's § 1983 claims under 12(b)6). The only discussion is with respect to the Eleventh Amendment and subject matter jurisdiction under 12(b)(1). Thus, the "alternative" phrase/holding seems unnecessary given the dismissal for lack of subject matter jurisdiction under 12(b)(1).

Plaintiff seeks clarification and confirmation that with respect to Plaintiff's § 1983 claims against Bloomsburg University and the official capacity claims, this Court's dismissal was based solely on Eleventh Amendment preclusion, and <u>not</u> the *legal sufficiency* of the § 1983 claims themselves.

Plaintiff respectfully asks this Court for clarification so that Plaintiff may make an informed decision as to whether it can file a new action in state court against Bloomsberg Defendants.

Respectfully yours,

*Jay L Edelstein*

JAY L. EDELSTEIN

JLE/sjp

cc:   Christopher J. Conrad, Esquire (*via M.D.P.A. Pacer*)
Jacob Gilboy, Esquire, Esquire (*via M.D.P.A. Pacer*)
Jonathan M. Blake, Esquire (*via M.D.P.A. Pacer*)
Bret J. Southard, Esquire (*via M.D.P.A. Pacer*)
Joseph F. Orso , III, Esquire (*via M.D.P.A. Pacer*)




**230 South Broad Street, Suite 900, Philadelphia, Pennsylvania 19102**
Phone *(215) 893-9311*  Facsimile *(215) 893-9310*  New Jersey *(856) 809-3150*
www.edelsteinlaw.com